NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3670
_____

SHANNON REAM,
Appellant

v.

COMMONWEALTH OF PENNYSLVANIA DEPARTMENT
OF HUMAN SERVICES, POLK CENTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 1-16-cv-00173
Trial Judge: The Honorable Barbara Jacobs Rothstein
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 24, 2018

Before: SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judge*s

(Filed: September 26, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Chief Judge*.

Shannon Ream appeals the District Court's grant of summary judgment in favor of the Pennsylvania Department of Human Services, Polk Center. For the reasons that follow, we will affirm.

Because we write solely for the parties, we need not delve into the factual or procedural history of this appeal. Suffice it to say that Ream claimed that the Polk Center engaged in post-employment retaliation against her on two occasions, in 2012 and 2014. In a thoughtful opinion, the District Court explained that the Polk Center was entitled to summary judgment because there was no evidence that the 2012 incident qualified as an adverse employment action, and because there was no evidence that the 2014 incident resulted in any damage to Ream.

On appeal, Ream has not responded to the evidentiary deficiencies identified by the District Court. Instead, she has apparently cut-and-pasted nearly the entirety of the summary judgment brief she filed in the District Court, without the courtesy of tailoring her arguments to conform to the appellate context. For instance, in her opening brief, before Appellees filed any responsive brief, Ream variously and perplexingly refers to Appellee's "assertion[s]," "reasoning," and "argu[ments]," as well as "case[s] cited by the Appellee," without explaining that these references are responsive to a brief that the Polk Center had previously filed in the District Court, not to any brief before this Court. *See*, *e.g.*, Ream Br. 12, 14, 16.

In light of Ream's haphazard approach to briefing, the Polk Center suggests that we should deem Ream to have completely waived her claims at this stage. There is some appeal to such an approach, inasmuch as Ream has failed to provide this Court with any direct response to the issues identified in the District Court's opinion. But given that our review of the District Court's grant of summary judgment is *de novo*, *see Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011), and because we can discern, buried within Ream's cut-and-pasted brief, at least a colorable claim that there exist triable issues of material fact, we decline to deem her claims to be waived entirely.

Upon review, however, we have little to add to the District Court's analysis. Indeed, Ream has not identified a single flaw in the District Court's cogent reasoning. We will therefore affirm the order granting summary judgment for substantially the reasons set forth in the District Court's summary judgment opinion. Counsel is cautioned to take greater care in future briefs filed with this Court.[1]

---

[1] We recognize that, at times, an argument presented to the District Court will be reiterated on appeal, and that the judicious use of cutting-and-pasting may be both efficient and appropriate. Here, however, Counsel's approach of importing a trial brief wholesale without modifying it to respond to the deficiencies raised by the District Court was entirely inappropriate.